UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
UNITED STATES OF AMERICA            )
                                    )
    v.                              )   Criminal No. 99-0175 (PLF)
                                    )
RICARDO EUGENE EPPS,                )
                                    )
        Defendant.                  )
_____)


OPINION AND ORDER

This matter is before the Court on defendant Ricardo Eugene Epps's motions to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and for an immediate hearing on this issue. The government opposes the defendant's motion to reduce his sentence. Upon consideration of the motions, the applicable law, and the entire record herein, the Court will deny both motions.[1]

---

[1] The relevant papers reviewed by the Court in connection with this matter include: Defendant's Motion to Reduce Sentence (Dkt. No. 62) ("Mot."); Mot., Ex. 1: Plea Agreement ("Plea Agreement"); Defendant's Motion for an Immediate Hearing on his Motion to Reduce Sentence (Dkt. No. 69) ("Mot. for Hrg."); Government's Opposition to Defendant's Motion to Reduce Sentence (Dkt. No. 64) ("Opp."); Defendant's Reply to Government's Opposition (Dkt. No. 65) ("Reply"); Supplement to Defendant's Reply to Government's Opposition (Dkt. No. 66) ("Supp."); Second Supplement to Defendant's Reply to Government Opposition (Dkt. No. 68) ("Supp. II"); the Presentence Investigation Report ("PSR"); the transcript of Defendant's Plea Proceedings, dated August 6, 1999 (Dkt. No. 49) ("Plea Tr."); the transcript of Defendant's Sentencing Proceeding, dated October 29, 1999 (Dkt. No. 42) ("Sentencing Tr."); the Judgment and Commitment, dated November 5, 1999 (Dkt. No. 32) ("J & C").

I. BACKGROUND

On August 6, 1999, the defendant pleaded guilty to conspiracy to distribute and to possess with the intent to distribute cocaine base ("crack cocaine"), in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A)(iii). Pursuant to a plea agreement entered under Rule 11(e)(1)(C) of the Federal Rules of Criminal Procedure -- now Rule 11(c)(1)(C) -- the defendant acknowledged responsibility for more than 1.5 kilograms of crack cocaine and accepted a sentence of 188 months in prison. See Plea Agreement ¶¶ 2-3. Had the defendant not accepted this negotiated sentence, the amount of crack cocaine in question would have placed him at Offense Level 38 under the then-mandatory 1998 United States Sentencing Guidelines ("U.S.S.G."). See U.S.S.G. (1998), § 2D1.1. With a three-level downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1, the defendant would have been at Offense Level 35 and in Criminal History Category III.[2] In the absence of the sentence agreed upon in the plea agreement, his guidelines sentencing range therefore would have been 210 to 262 months. See U.S.S.G. (1998), Sentencing Table. Accordingly, the defendant's negotiated sentence of 188 months fell 22 months below the bottom of the applicable guidelines sentencing range.

The defendant now moves for a reduction in his sentence. He argues that the Court has authority to reduce his sentence under 18 U.S.C. § 3582(c)(2), which permits a court to reduce a defendant's term of imprisonment when that defendant was originally sentenced under a guideline which has subsequently been lowered by the United States Sentencing Commission.

---

[2] The PSR notes that the defendant earned one criminal history point from a 1988 gun possession charge, one point from a 1996 gun possession charge, and two points because he committed the current offense while on probation in the 1996 case. See Presentence Investigation Report ("PSR") ¶¶ 34-38. Accordingly, the defendant has four criminal history points and thus qualified for Criminal History Category III. Id. at ¶ 38.

He relies on Amendments 706 and 711 to the United States Sentencing Guidelines, through which the Sentencing Commission amended and lowered the base offense levels for most offenses involving crack cocaine by two levels and made this reduction retroactive. Mot. at 3. These amended guidelines would place the defendant at a Base Offense Level of 36 and, after a three level downward adjustment under U.S.S.G. § 3E1.1, an Adjusted Offense Level of 33. With a Criminal History Category of III, his applicable guidelines sentencing range would be 168 to 210 months.[3] The defendant requests a reduction in his sentence to 144 months, the equivalent of 22 months below the low end of the amended guideline range, the same 22-month variance he negotiated as part of his plea agreement. See Supp. II at 2.

## II. DISCUSSION

In 2007, the United States Sentencing Commission approved Amendment 706 to the United States Sentencing Guidelines, which reduced the base offense level for most crack cocaine offenses by two levels. See U.S.S.G. (2007), Supp. to App. C, Amend. 706, 711. The Commission made the amendments retroactive in 2008, see U.S.S.G. (2008), Supp. to App. C, Amend. 713, 716, enabling some defendants previously convicted of crack cocaine offenses to seek sentence reductions under 18 U.S.C. § 3582(c)(2). To be eligible for a sentence reduction, a defendant must show that: (1) he was sentenced "based on a sentencing range that has

---

[3] Under the current crack cocaine guidelines, as amended effective November 1, 2010, 1.5 kilograms of crack cocaine would place the defendant at Offense Level 34. Supp. to U.S.S.G. (2010) § 2D1.1. For purposes of this motion, the Court assumes that the three-level reduction for acceptance of responsibility would still apply, and that the Criminal History Category would remain unchanged. Therefore, were the defendant sentenced under the current guidelines, he would be at Offense Level 31, Criminal History Category III, with an associated sentencing range of 135 to 168 months.

3

subsequently been lowered," and (2) that a reduction in his sentence would be "consistent with applicable policy statements issued by the Sentencing Commission." United States v. Berry, 618 F.3d 13, 16 (D.C. Cir. 2010) (quoting 18 U.S.C. §3582).

In the case of a defendant sentenced pursuant to an agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, eligibility for modification turns on the question of whether the defendant's term of imprisonment was in fact "based on" a sentencing range that has subsequently been lowered or whether it was based on a binding plea agreement. See United States v. Cook, 594 F.3d 883, 888 (D.C. Cir. 2010). Most of the courts of appeals that have considered the issue have determined that such defendants are not eligible for sentence modifications under Section 3582(c)(2) because their sentences were "based on" the binding plea agreement, and not on the amended crack cocaine guidelines. See United States v. Rivera-Martinez, 607 F.3d 283, 287 (1st Cir. 2010); United States v. Main, 579 F.3d 200, 203 (2nd Cir. 2009); United States v. Sanchez, 562 F.3d 275, 282 (3rd Cir. 2009); United States v. Scurlark, 560 F.3d 839, 842 (8th Cir. 2009).[4] Two other circuits have concluded that a district court does not have the authority to modify any sentence imposed pursuant to Rule 11(c)(1)(C) because such an agreement is binding on both the parties and the court; these courts did not address the question of whether a sentence imposed pursuant to a plea agreement is "based on" that

---

[4] Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure reads in relevant part: "If the defendant pleads guilty or nolo contendere to either a charged offense or a lesser or related offense, the plea agreement may specify that an attorney for the government will. . . agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation or request binds the court once the court accepts the plea agreement)."

4

agreement or "based on" the Sentencing Guidelines. See United States v. Garcia, 606 F.3d 209, 214 (5th Cir. 2010); United States v. Peveler, 359 F.3d 369, 378-79 (6th Cir. 2004).[5]

The Tenth Circuit is the only court of appeals to have overturned a district court's refusal to modify a crack cocaine sentence entered under Rule 11(c)(1)(C). See United States v. Cobb, 584 F.3d 982, 984-85 (10th Cir. 2009).[6] In doing so, it noted that while Section 3582(c)(2) is triggered when a defendant's term of imprisonment was "based on a sentencing range" that has subsequently been lowered, it "imposes no requirement that to be based on a qualifying range, the sentence be a non-negotiated, 'run-of-the-mill' guideline sentence. Instead, it generally allows for reductions of sentences which are based in any way on a qualifying range. No other connection is required." Id. at 985. The Tenth Circuit therefore concluded that a defendant whose plea agreement stipulated to a term of imprisonment at the low end of the guidelines sentencing range was eligible for sentence modification because his "sentencing disposition was tied to the guidelines at every step." Id. at 983.

While the Seventh Circuit and the Ninth Circuit have not approved sentence modifications for defendants sentenced under Rule 11(c)(1)(C), both have suggested in dicta that they might do so in an appropriate case if there were explicit evidence -- for example, in the plea

---

[5] But see United States v. Goins, Nos. 08-6374, 09-5047, 2009 WL 4251050, 355 F. App'x 1 (6th Cir. Nov. 20, 2009), *cert. granted*, Freeman v. United States, 131 S. Ct. 61 (U.S. Sept. 28, 2010) (No. 09-10245). The question presented in Freeman is whether a defendant is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) solely because the district court accepted a Rule 11(c)(1)(C) plea agreement; oral argument is scheduled for February 22, 2011.

[6] A panel of the Fourth Circuit reached a similar conclusion in United States v. Dews, 551 F.3d 204, 211-12 (4th Cir. 2008), *vacated and reh'g en banc granted*, No. 08-6458 (4th Cir. Feb. 20, 2009), *appeal dismissed as moot*, No. 08-5458 (4th Cir. May 4, 2009), but the Fourth Circuit panel decision was vacated and is no longer the law of the Circuit.

5

agreement itself -- that the agreement was closely tied to the guidelines sentencing range. See United States v. Ray, 598 F.3d 407, 409 (7th Cir. 2010); United States v. Franklin, 600 F.3d 893, 897 (7th Cir. 2010); United States v. Bride, 581 F.3d 888, 891 (9th Cir. 2009)).

The D.C. Circuit has not yet decided this issue. It has noted, however, that the other circuits are divided regarding whether a defendant sentenced under a plea agreement entered pursuant to Rule 11(c)(1)(C) can benefit from the sentence modification provision of 18 U.S.C. § 3582(c). See United States v. Cook, 594 F.3d 883, 888 (D.C. Cir. 2010) (noting that the Tenth Circuit has found that sentences imposed pursuant to Rule 11(c)(1)(C) agreements might be modifiable, but that "other circuits have reached the opposite result") (quoting United States v. Robinson, 587 F.3d 1122, 1129 n.8 (D.C. Cir. 2009)). Chief Judge Lamberth, the only judge on this Court to have issued a written opinion on this question, has followed the majority of the circuits, concluding that district courts are without authority under Section 3582(c)(2) to reduce the term of imprisonment for defendants sentenced pursuant to Rule 11(c)(1)(C) pleas. See United States v. Mowatt, Criminal No. 95-46-02, 2010 WL 3562090, at *2 (D.D.C. Sept. 10, 2010); United States v. Bundy, 613 F. Supp. 2d 35, 37 (D.D.C. 2009), *vacated as moot*, No. 09-3049, 2010 WL 3516574, at *1 (D.C. Cir. Sept. 3, 2010); United States v. Oliver, 589 F. Supp. 2d 39, 40 (D.D.C. 2008). Writing in a separate context, Judge Urbina has also refused to modify the sentence of a defendant initially sentenced pursuant to a Rule 11(c)(1)(C) plea agreement, finding that because such an agreement is binding on both the parties and the court, it would be inappropriate for a district court to alter the terms of such an agreement "simply because the defendant comes back to the court for re-sentencing." Winchester v. United States, 477 F. Supp. 2d 81, 85 (D.D.C. 2007) (refusing to alter the terms of a plea agreement on a

motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255) (citing United States v. Hemminger, 114 F.3d 1192 (7th Cir. 1997)).

In United States v. Heard, 359 F.3d 544 (D.C. Cir. 2004), the court of appeals stated in dicta that "[a] sentence arising from a Rule 11(e)(1)(C) plea . . . does not result from the determination of an appropriate guidelines offense level, but rather from the agreement of the parties: an agreement that is binding on the court once it is accepted by the court." Id. at 548. Chief Judge Lamberth has interpreted this language to mean that sentences based on Rule 11(c)(1)(C) plea agreements can *never* be "based on" the guidelines sentencing ranges, and that the district courts therefore are without authority to modify any such sentences under 18 U.S.C. § 3582(c)(2). See United States v. Bundy, 613 F. Supp. 2d at 37; United States v. Oliver, 589 F. Supp.2d at 40. But the D.C. Circuit in Heard -- much like the Seventh and Ninth Circuits in Ray, Franklin, and Bride -- also noted, again in dicta, that "there may be at least some Rule 11(e)(1)(C) sentences that do rest on a determination of [guidelines] offense levels," such as an agreed-upon sentence which "is the same as that which would have resulted from using the applicable guidelines offense level." United States v. Heard, 359 F.3d at 549 n.5 and accompanying text.

The defendant in this case argues that his sentence was "based on" the applicable crack cocaine guidelines, and that he therefore is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2). He bases this argument on the fact that his plea agreement stipulated that the sentence "was determined in accordance with (based on) the guidelines." Mot. at 3 (citing Plea Agreement ¶ 8) (alteration in Motion). The government challenges this assertion, contending that the "in accordance with" language of the defendant's plea agreement merely

7

indicates that the agreement complies with section 6B1.2(c) of the Sentencing Guidelines, which permits deviation from the prescribed sentencing range in certain circumstances. Opp. at 3.[7] The defendant responds that the parties reached the 188 month agreed sentence by first calculating the prescribed guideline and then negotiating from that point. Reply at 2.

Unfortunately for the defendant, the question is not whether his sentence was "based on" the Court's calculation under the Sentencing Guidelines, but whether the sentence imposed pursuant to the plea agreement itself was "based on" the crack cocaine guidelines that were amended by the Sentencing Commission. As the D.C. Circuit recently concluded, the phrase "based on," as used in 18 U.S.C. § 3582(c)(2), refers to the "guideline range that *determined* the defendant's sentence." United States v. Cook, 594 F.3d at 888 (emphasis added). While in some cases "[a] sentence may be *both* a guidelines-based sentence eligible for treatment under § 3582(c)(2) and a sentence stipulated to by the parties in a plea agreement pursuant to Rule 11(e)(1)(C)," United States v. Cobb, 584 F.3d at 984, the defendant in this case is not eligible for a sentence reduction because there is no evidence in the record that the agreed upon sentence was "based on" the crack cocaine guidelines. See United States v. Heard, 359 F.3d at 549 n.5 and accompanying text. Nor was his stipulated sentence or sentencing range "the same as that which would have resulted from using the applicable guidelines offense level." Id.; see also United States v. Cobb, 584 F.3d at 982-83 (reversing denial of resentencing because "the Defendant's sentencing disposition was tied to the guidelines at every step"; United States v.

---

[7] U.S.S.G. § 6B1.2 provides in relevant part: "In the case of a plea agreement that includes a specific sentence (Rule 11(c)(1)(C)), the court may accept the agreement if the court is satisfied [that] . . . (2) (A) the agreed sentence departs from the applicable guideline range for justifiable reasons; and (B) those reasons are specifically set fort in writing in the statement of reasons or judgment and commitment order."

8

Franklin, 600 F.3d at 897 (finding that if the defendant's plea agreement provided that his term of imprisonment was to be "40% of the guidelines range," or "the low end of the applicable guideline range," then it would have been appropriate for the district court to modify his sentence in accordance with that agreement and the new guidelines range).

In this case, there is no indication of any relation between the agreed upon sentence and the applicable guidelines sentencing range. The parties agreed that 188 months was the appropriate sentence, see Plea Agreement at ¶ 3, but failed to explain how they arrived at a sentence which was 22 months below the bottom of the crack cocaine guideline sentencing range. While the defendant's attorney noted at the plea proceedings that he had told the defendant "what the possible penalties would be [under the Guidelines], the possible adjustments up and down," Plea Tr. at 10:15-16, neither the defendant's counsel nor counsel for the government ever noted any relationship between the term of imprisonment established by the plea agreement and the length of imprisonment that would have been imposed under the crack cocaine guidelines. Similarly, during the defendant's sentencing proceeding, the parties discussed the guidelines calculations applicable to the defendant, see Sentencing Tr. at 3-13, but only because such findings might have an impact on the manner in which the Bureau of Prisons treated the defendant. See id. at 4-5.[8] To the extent that counsel explained in any way this agreement to a binding below-Guidelines sentence, it was to avoid the need to litigate "disputed issues under the Guidelines." Sentencing Tr. at 5-6; see id. at 7-8. No where in the plea

---

[8] The Court noted in relevant part that even though it was not required to make findings regarding the defendant's Offense Level and Criminal History Category, it chose to do so because "it may affect what level of security or even what facility he goes to, absent some findings by me that change that." Sentencing Tr. at 5:6-8.

agreement, at the plea proceedings, or at sentencing did anyone state that the agreed upon sentence was tied to the crack cocaine guidelines or even how they had arrived at the 188-month figure. These combined facts suggest that any connection between the defendant's sentence and the guidelines is speculative at best; there is no evidence of "an intent to tie the sentence to the guidelines." United States v. Franklin, 600 F.3d at 896.

Because the defendant's sentence is based on the crack cocaine guidelines or tied to them in any discernible fashion, the defendant is ineligible for a sentence modification under 18 U.S.C. § 3582(c)(2). For all of these reasons, it is hereby

ORDERED that defendant's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) [62] is DENIED; and it is

FURTHER ORDERED that defendant's request for an immediate hearing on this matter [69] is DENIED.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: December 23, 2010