UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Criminal No. 99-175(PLF) |
| | : | |
| RICARDO EUGENE EPPS, | : | |
| Defendant. | : | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO TERMINATE SUPERVISED RELEASE

The United States of America by and through its attorney, the United States Attorney for the District of Columbia, opposes the defendant's motion to terminate supervised release. The Government asserts the following in support of this opposition:

1. On November 15, 2012, the defense filed a motion for early termination of the defendant's supervised release. The defendant has only been on supervised release since May 11, 2012 after serving a sentence of 188 months. According to the judgment and commitment order, the defendant is sentenced to serve 5 years supervised release. The request for early termination was filed by the defense not following a request by the U.S. Probation Office for early termination.

2. According to the defense motion, the request for early termination is motivated by their unsuccessful attempt to reduce his sentence pursuant to 18 U.S.C. §3582, (retroactive guidelines amendment to the crack cocaine guidelines). The court denied the defense request under 18 U.S.C. §3582, noting that the sentence imposed was one based upon a guilty plea under Federal Rule of Criminal Procedure 11(c)(1)(C).

3. Such guilty pleas, when accepted, are binding upon the defense, the Government

and the court.  The court accepted this plea and imposed sentence accordingly. Disregarding the obvious, that is, that the defense motion violates the terms of the plea agreement, the Government remains receptive to early termination of supervised release, when, after a reasonable period of supervised release is served, the U.S. Probation Office recommends such action.  Here, they have made no such recommendation, which is not altogether surprising as the defendant had barely served six months of supervised release before the defense filed a motion for early termination.

4. The defense motion for early termination of supervised release should be denied now, without prejudice to renew at some point in the future, when and if the U.S. Probation Office recommends that early termination would be appropriate.

        Respectfully submitted,

        RONALD C. MACHEN JR.
        UNITED STATES ATTORNEY
        D.C. Bar No.   447-889

         /s/
        JOHN P. DOMINGUEZ
        Assistant United States Attorney
        D.C. Bar No. 959809
        Organized Crime and Narcotics Section
        555 4th Street, N.W.   #4205
        Washington, DC 20001
        (202) 252-7684
        E-mail: John.Dominguez@usdoj.gov